Jasen, J.
(dissenting). I would reverse and vacate the award. The conduct which brought into, being the company’s right to discharge the two employees involved in this proceeding was ‘ ‘ dishonesty involving theft ’ ’, as set forth in article XVI-a of the company-union agreement. The arbitrator, in making his decision, was bound by the terms of this agreement and had “ no right to alter, amend, or otherwise deviate from the provisions of [the] Agreement.” (Art. XIX, subd. F.) Hence, the arbitrator’s role was a limited one — to determine from the facts and circumstances whether the acts of the employees as set forth hereinafter, constituted “ dishonesty involving theft ”, justifying dismissal without notice.
The arbitrator found that the conduct of the employees — in surreptitiously removing certain boxes from a company truck and placing them in a car owned by one of them — “ did give rise to a valid suspicion that something was amiss and that they had been doing things inconsistent with their job respon *429 sibilities and obligations.” He went on to say, “ [although I am affording them reinstatement, I am putting them on notice that similar activities in the future may not bring a similar result.”
I am in accord with the view of the dissenters below that j “ [t]o arrive at this result the arbitrator went beyond the terms of the agreement and the obvious intentions of the parties to that agreement. He required the employer to establish a corpus delicti (to prove that clams were in the boxes in question) and to show that these items were specifically reported as missing by the customer (apparently referring to past shortages), and in doing so he substituted his own notion of 1 proven theft ’ for the agreed words ‘ dishonesty involving theft ’. In this respect he rewrote the agreement (Steelworkers v. Enterprise Corp. [363 U. S. 593, 598]).”
In addition, the arbitrator, in imposing a period of suspension of the employees for their conduct, in place of dismissal, deviated from the provisions of the agreement and exceeded his limited role as arbitrator.
When an arbitrator, whose powers to adjudicate a controversy are limited by an agreement, disregards the provisions of the agreement and substitutes his own terms, the decision should be vacated.
Chief Judge Bbeitel and Judges Gabbielli, Jones, Wachtleb and Rabin concur in memorandum; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Stevens concurs.
Order affirmed.